**IMG-084**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1329
_____

JING FENG DONG,
A.K.A. Hai Li,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077 997 477)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011
Before:  RENDELL, JORDAN AND VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 5, 2011)
_____

OPINION
_____

PER CURIAM

Jing Feng Dong petitions for review of an order of the Board of Immigration

Appeals ("BIA") that denied his motion to reopen his removal proceedings.  For the

1

reasons that follow, we will grant the petition for review and remand for further proceedings.

Dong, a native and citizen of China, entered the United States in 2002 and sought asylum based on grounds not relevant here. An Immigration Judge (IJ) denied relief, finding that Dong was not credible. The Board of Immigration Appeals (BIA) affirmed without opinion on June 23, 2004.

On June 11, 2009, Dong filed a motion to reopen, stating that he had become a Christian in 2008, and that due to changed country conditions (increased persecution of unauthorized churches in China), he was seeking asylum. The BIA stated that Dong's baptism and practice of Christianity in the United States reflected a change in personal circumstances, and held that the evidence he presented of conditions in China were "not sufficient to establish a change in circumstances or country conditions 'arising in the country of nationality' so as to create an exception to the time and number limitation for filing a late motion to reopen to apply for asylum." Dong filed a timely petition for review.

A motion to reopen must generally be filed within 90 days of a final removal order. 8 C.F.R. § 1003.2(c)(2). However, a motion to reopen based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," is not subject to the 90-day

2

restriction. 8 C.F.R. § 1003.2(c)(3)(ii). Dong argues that he meets this exception to the timeliness requirement. While Dong would have no claim absent a change in his personal circumstances (becoming a Christian), we have recognized that an alien who has been ordered removed can file an untimely or successive asylum application based on changed personal conditions if he can also show changed country conditions in his motion to reopen. Liu v. Attorney General, 555 F.3d 145, 150 (3d Cir. 2009).

Dong submitted numerous documents in support of his motion to reopen. Some of the evidence was of a more personal nature, including a letter from a friend in China, Zuofa Zhuang. Zhuang described how one day in 2008, police rushed into the home of a Christian, Xianfeng Lin, in Huangqi town when they learned he was inside praying and reading the Bible. They seized all of Lin's Christian materials, put Lin in jail, beat him, and forced him to pledge that he would "recede from the church forever." Zhuang further related that he was one of the first Christians to respond to the earthquake in Sichuan in 2008. When he and other Christians returned, they gathered to pray for the earthquake victims. The police learned of it and arrested them. A.R. 61. Zhuang also told of a Christian who wanted to attend a Christian conference in Hong Kong. He was "summoned every day by Homeland Security Bureau, United Front Work Department and Religious Affairs Bureau," and made to "write a pledge and persuade other Christians not to attend the conference . . . ." A.R. 62. Dong also provided several documents for background information, including the State Department's 2008 Human

3

Rights Report for China, the State Department's 2008 International Religious Freedom

Report for China, a January 2009 report from the China Aid Association, the 2008

Annual Report of the Congressional-Executive Commission on China, and several

newspaper articles from 2007 to 2009. Many of the documents spoke of increased

reports of detention of congregants and other harassment of unregistered churches,

particularly in the time leading up to the Olympics.

The BIA provided little analysis of the information provided by Dong, stating only:

> The respondent's declaration that he will not attend a government-controlled church in China, and his evidence that a Christian was arrested in Huangqi Town, that earthquake assistance volunteers were arrested in Sichan [sic] Province, that an unnamed fellow was forced to persuade others not to attend a conference in Hong Kong, and that Christian leaders of underground churches in China have been arrested and harassed, are not sufficient to establish a change in circumstances or country conditions "arising in the country of nationality" so as to create an exception to the time and number limitation for filing a late motion to reopen to apply for asylum.

A.R. 4. The BIA's only statement regarding the more generalized background evidence

is that the evidence "demonstrates that China currently allows Christian churches in the

country." Id. In Zheng v. Attorney General, 549 F.3d 260 (3d Cir. 2008), this Court

vacated the BIA's denial of two motions to reopen based on changed country conditions

in China because the BIA failed to thoroughly discuss the evidence submitted by the

petitioners or explain why it was not sufficient. See Zheng, 549 F.3d at 268-69, 271.

Similarly here, the Board provided only general explanations for its conclusion that the

4

evidence Dong submitted was insufficient to support reopening. See id. at 268 (noting that while the Board need not "parse or refute on the record each individual . . . piece of evidence offered by the petitioner," it "should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner." Id. at 268 (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). Further, aside from the statement about "allowing" churches, the BIA did not address any of the more general background evidence that Dong submitted, even though he discussed the evidence in his motion to reopen.

In its brief, the Government discusses the background evidence in the record and argues why it believes the evidence does not show a change in country conditions. None of this rationale is present in the BIA's decision. We may only review the BIA's decision based on the rationale that it provided. SEC v. Chenery Corp., 332 U.S. 194, 196 (1947); Konan v. Att'y Gen., 432 F.3d 497, 501 (3d Cir. 2005). Because the BIA's decision does not allow us to discern its reasons for denying the motion to reopen, we will grant the petition for review and remand for further proceedings.[1]

---

[1] We leave the question of whether Dong has made out a prima facie case for relief to the BIA to determine, if necessary, after it examines the threshold issue of whether Dong has showed changed country conditions. Shardar v. Att'y Gen., 503 F.3d 308, 312 (3d Cir. 2007).